UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALVIN DINKINS** | **CIVIL ACTION** |
| **VERSUS** | **NO:    14-0687** |
| **FOSS MARITIME COMPANY** | **SECTION: "R" (4)** |

## ORDER

Before the Court is an **Ex Parte Motion for Expedited Hearing (R. Doc. 27)** filed by the Defendant seeking expedited consideration of its **Motion to Quash Aside Notices of Deposition and for Protective Order (R. Doc. 26)**, which is set for submission on April 1, 2015. Defendant seeks expedited consideration of it motion to quash on the grounds that the discovery deadline is March 17, 2015, *see* R. Doc. 21, and the depositions are noticed for March 16, 2015. Given the approaching deadline and date for the depositions, Defendant's motion for expedited consideration is granted.

The Court shall now consider Defendant's motion to quash. Defendant argues that the Plaintiff unilaterally noticed the depositions of Captain John Bilich and a corporate representative of the Defendant, Foss Maritime Company, pursuant to Rule 30(b)(6). Defendant argues that the Plaintiff sent the deposition notices on March 10, 2015 for depositions on March 16, 2015.

Under Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). A motion for a subpoena must be quashed or modified where, inter alia, the subpoena "(i) fails to allow a reasonable time to comply . . .(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A).

Applying Rule 45 to the facts of this case, the Court finds that Plaintiff's deposition notices do not allow a reasonable time to comply. "Although Rule 45 does not specify what amount of time is 'reasonable,' courts have ruled that a week or less is not sufficient notice pursuant to the rules." *Gulf Prod. Co. v. Hoover Oilfield Supply, Inc.*, No. CIV.A. 08-5016, 2011 WL 891027, at *3 (E.D. La. Mar. 11, 2011) (citing *Memorial Hospice, Inc. v. Norris*, 2008 WL 4844758 (N.D. Miss. Nov. 5, 2008)).

Here, the notices were issued only six (6) days before the date of the depositions and the deposition was noticed for one day before the discovery deadline. Not only will the Defendant be required to prepare and produce a corporate representative in this short period, but it would be required to procure the attendance of Captain Bilich whose availability is presumably restrictive based on the nature of his work. Since a week or less is not sufficient notice pursuant to the rules, the Court finds that under these circumstances, the Plaintiff did not provide sufficient notice and the notices for depositions are quashed.

Accordingly,

**IT IS ORDERED** that Defendant's **Ex Parte Motion for Expedited Hearing (R. Doc. 27)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's **Motion to Quash Aside Notices of Deposition and for Protective Order (R. Doc. 26)** is **GRANTED.**

New Orleans, Louisiana, this 20th day of March 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

2